UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:                               Case No.

_____/ CHAPTER 13 PLAN
            Debtor(s)

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee, and the Debtor(s) will pay to the Trustee the sum of $_____ _____each month. Initial attorneys fees are requested in the amount of $_____.
   ___ Debtor(s) elect a voluntary wage order

2. From the payments received, the Trustee will make disbursements as follows:
   (a) On allowed claims for expenses of administration required by 11 U.S.C. § 507(a)(2) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

   | Name | Value of Collateral | Estimated Mortgage/ Lease Arrears | Adequate Protection Payments (If specified) | Interest Rate (If specified) |
   |---|---|---|---|---|
   |  |  |  |  |  |

   [The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the adequate protection payments and the interest rates shown above. If an interest rate is not specified, 7% per annum will be paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of ¶ 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by 11 U.S.C. § 507.
   (d) On allowed general unsecured claims as follows:
       ___ at a rate of _____ cents on the dollar. The estimated term of the plan is _____ months. (Percentage Plan)
       ___ the sum of _____ payable over _____ months, distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid. The plan payments will continue at the highest monthly payment provided in ¶ 1 as necessary to pay all allowed administrative, secured and priority unsecured claims within sixty months of confirmation. (Pot Plan)

3. The debtor(s) elect to reject the following executory contracts of leases and surrender to the named creditor(s) the personal or real property that serves as collateral for a claim. The debtor(s) waive the protections of the automatic stay and consent to allow the named creditor(s) to obtain possession and dispose of the following identified property or collateral without further order of the court. Any allowed unsecured claim for damages resulting from the rejection will be paid under paragraph 2(d).

4. The Debtor(s) will pay directly the following fully secured creditors and lessors or creditors holding long-term debt:
   Name                    Monthly Payment          Name                    Monthly Payment

5. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.   * * Please see attachment to plan

6. The Debtor(s) elect to have property of the estate:
   ___ revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
   ___ revest in the debtor(s) upon plan confirmation. Once property revests, the Debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

Dated: _____   _____   _____
                                            Debtor                                        Debtor

I, the undersigned, am the attorney for the above-named debtor(s) and hereby certify that the foregoing chapter 13 plan is a verbatim replica of pre-approved chapter 13 plan promulgated pursuant to B.L.R. 1007-1 for use in the San Jose Division.

Dated:_____          _____
                                                    Attorney for Debtor(s)

Rev. 04/06 (This certification must be signed for any Model Chapter 13 Plan generated by WordPerfect, Word, or other word processing program.)

Re:    Sally A. Alexander                                        Case No. 10-50691-ASW

# Attachment to Chapter 13 Plan

**Other Provisions:**

     Debtor surrenders her interest in the 2009 KTM 505 XC-F dirt bike, and shall cease making payments on all debts secured thereby.

     The claim of CHASE, its successors, predecessors, agents, and assignees (Loan No. 00419400259439) relating to debtor's real property at 979 North Lambert Way Meridian, ID 83642 being totally under-secured shall be paid concurrent with unsecured creditors pursuant to Paragraph 2(d) of the Plan. Debtor shall cease making payments to CHASE, its successors, predecessors, agents, and assignees (Loan No. 00419400259439).

     CHASE, its successors, predecessors, agents, and assignees shall be required to re-convey its second trust deed as to Loan No. 00419400259439 conditioned on (1) debtor obtaining a judgment in an adversary proceeding or order after motion to avoid the security interest of CHASE, its successors, predecessors, agents, and assignees, and valuation of collateral, and (2) debtor completing the herein plan.

     Debtor does not intend to modify the lien rights of the holder of the first trust deed(s) other than to cure pre-petition arrears, if any.

     Unsecured creditors shall receive no less than $7,500 from this plan.

     The Plan shall complete within 60 months of confirmation.